*Polk, for appellant.*

*Kinkead & Buckner, for appellee.*

---

DUDLEY SMITH, ETC., *v.* W. H. SANDFORD & CO.

**Pleading—Amended Answer—Offer to File After Conclusion of Evidence —Facts Already Stated or Known to Defendant When Original Answer is Filed.**

The court does not abuse its discretion by refusing to permit an amended answer to be filed, on the conclusion of the evidence, which sets up a defense already plead in the original answer, or facts known to the defendant when he filed his original answer.

APPEAL FROM GALLATIN CIRCUIT COURT.

January 4, 1871.

OPINION BY JUDGE PETERS:

Upon the trial of this cause in the court below after a judgment in favor of appellants had been reversed by this court, and after the evidence on both sides had been concluded, they tendered, and asked to be permitted to file an amended answer containing a statement of facts which constituted a special plea of *non est factum,* concluding in these words. They therefore say that said note is without consideration in whole, or in part; because the plaintiff, W. H. Sandford, did not go with him to the city of Louisville as he agreed to do in said contract at the time of signing said note in blank, and did not in any wise do as he agreed to do looking to the release of defendant's son. He says that said note was filled up fraudulently by plaintiffs for $577.80, instead of $325.00 as aforesaid.

Whether it was intended by this amended answer to rely on the plea of no consideration, as the conclusion quoted would seem to indicate, or whether it was intended as a plea of *non est factum* cannot be material, for if the first-named defense was in-

tended that was already in and the appellants were not prejudiced by the refusal of the court to permit it to be filed, and if the latter was intended, all the facts stated in the amended answer were known to appellants when they filed their original answer, and it was no abuse of discretion in the court below to refuse to permit them to file it. *Barbour v. Moss, Admr. opinion:* 1857.

Nor can we, in view of the pleadings and evidence in this case and the former opinion of this court, adjudge that the court below erred in giving a peremptory instruction complained of.

Wherefore the judgment is *affirmed.*

*Drane, for appellee.*